UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1257 (DWF/TNL)

| | |
|---|---|
| LAND O' LAKES, INC., )<br><br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID KAPPOS, DIRECTOR OF THE )<br>UNITED STATES PATENT AND )<br>TRADEMARK OFFICE, )<br>)<br>Defendant. )<br>) | **ANSWER** |

Defendant, David Kappos, as Director of the United States Patent and Trademark Office, ("USPTO") by and through his undersigned counsel, answers Plaintiff's Complaint, upon information and belief, as follows:

## NATURE OF THE ACTION[1]

1.   This paragraph contains Plaintiff's characterization of this action, to which no answer is required; to the extent an answer is required, Defendant denies.

2.   This paragraph contains Plaintiff's characterization of this action, to which no answer is required; to the extent an answer is required, Defendant denies.

## PARTIES

3.   Defendant is without knowledge or information sufficient to form a belief as to the averment in paragraph 3.

---

[1] Defendant adopts the headings in Plaintiff's Complaint for ease of reference. To the extent any heading contains any allegations of fact that require an answer, Defendant denies.

4. Defendant admits the averment in the first sentence of paragraph 4. The averments in the second sentence of paragraph 4 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

## JURISDICTION AND VENUE

5. The averments in paragraph 5 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

6. The averments in paragraph 6 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

## BACKGROUND

7. Defendant admits the averment in the first sentence of paragraph 7. Defendant is without knowledge or information sufficient to form a belief as to the averment in the second sentence of paragraph 7.

8. Defendant admits the averment in paragraph 8.

9. This paragraph contains Plaintiff's characterization of the '526 patent. Defendant respectfully refers the Court to the '526 patent, which speaks for itself.

10. Defendant is without knowledge or information sufficient to form a belief as to the averment in paragraph 10.

11. Defendant admits that on January 8, 2002, the USPTO received a request from Leprino Foods Company for an *inter partes* reexamination of the '526 patent.

Defendant is without knowledge or information sufficient to form a belief as to the remaining averment in paragraph 11.

12. Defendant admits the averment in paragraph 12 and respectfully refers the Court to 37 C.F.R. §§ 1.902-1.997 for the procedures governing *inter partes* reexamination.

13. Defendant admits the averment in paragraph 13 and respectfully refers the Court to the entire text of 37 C.F.R. § 1.937.

14. Defendant admits that on April 4, 2002, the USPTO ordered *inter partes* reexamination and issued a non-final Office Action. The remainder of paragraph 14 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself.[2] To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

15. Defendant admits the averment in paragraph 15 and respectfully refers the Court to the '809 patent, which document speaks for itself.

16. Defendant admits the averment in paragraph 16 and respectfully refers the Court to the '809 patent, which document speaks for itself.

17. Defendant admits the averment in the first sentence of paragraph 17. The second sentence of paragraph 17 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averment contained in the second

---

[2] The Administrative Record is separately lodged with the Court.

3

sentence is inconsistent with the administrative record, Defendant denies that averment.

18.   Defendant affirmatively asserts that the USPTO issued an Action Closing Prosecution ("ACP") on June 26, 2007.  The remainder of paragraph 18 contains Plaintiff's characterization of the administrative record.  Defendant respectfully refers the Court to the administrative record, which speaks for itself.  To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

19.   Defendant admits that the USPTO issued a Right of Appeal Notice ("RAN") on April 1, 2008.  The remainder of paragraph 19 contains Plaintiff's characterization of the administrative record.  Defendant respectfully refers the Court to the administrative record, which speaks for itself.  To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

20.   Paragraph 20 contains Plaintiff's characterization of the administrative record and its own actions between April 1, 2008, and August 2009.  Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.  To the extent that the paragraph characterizes actions by LOL and the TPR during the relevant time period, Defendant is without knowledge or information sufficient to form a belief as to those actions.

21.   Defendant is without knowledge or information sufficient to form a belief

as to the averment in the first sentence of paragraph 21. The averment in the second sentence of paragraph 21 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies that averment.

22.   Defendant admits that LOL filed a petition under 37 C.F.R. § 1.183 on August 31, 2009. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's intention in filing the petition. The remainder of paragraph 22 contains Plaintiff's characterization of 37 C.F.R. § 1.183 to which no response is required; to the extent a response is required, Defendant denies Plaintiff's characterization of the regulation and refers the Court to the entire text of 37 C.F.R. § 1.183, which speaks for itself.

23.   Defendant admits that LOL filed a petition under 37 C.F.R. § 1.183 on August 31, 2009. The first sentence of paragraph 23 contains Plaintiff's characterization of 37 C.F.R. § 1.131 to which no response is required; to the extent a response is required, Defendant denies Plaintiff's characterization of the regulation and refers the Court to the entire text of 37 C.F.R. § 1.131, which speaks for itself. The remainder of paragraph 23 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

24.   Defendant admits that on November 4, 2009, OPLA granted LOL's 183 petition. The remainder of paragraph 24 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative

record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

25. Defendant admits that the examiner issued a non-final ACP on December 17, 2009. The remainder of paragraph 25 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

26. Paragraph 26 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

27. Paragraph 27 contains Plaintiff's characterization of 37 C.F.R. § 1.131 to which no response is required; to the extent a response is required, Defendant denies Plaintiff's characterization of the regulation and refers the Court to the entire text of 37 C.F.R. § 1.131, which speaks for itself.

28. Paragraph 28 contains Plaintiff's characterization of 37 C.F.R. § 1.951 to which no response is required; to the extent a response is required, Defendant denies Plaintiff's characterization of the regulation and respectfully refers the Court to the entire text of 37 C.F.R. § 1.951, which speaks for itself.

29. Defendant admits that LOL filed comments on January 29, 2010. The

remainder of the first sentence of paragraph 29 contains Defendant's characterization of the administrative record. To the extent that the averments contained in the first sentence are inconsistent with the administrative record, Defendant denies those averments. Defendant further admits that LOL submitted a second 131 declaration on January 29, 2010. Defendant is without sufficient information or knowledge to admit or deny the remaining averments in the second sentence of paragraph 29.

30. Defendant admits that Plaintiff submitted a second 131 declaration on January 29, 2010. Defendant further admits that LOL filed a second petition under 37 C.F.R. § 1.183 on January 29, 2010. The remainder of paragraph 30 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

31. Defendant admits that OPLA dismissed the second 183 petition on March 25, 2010. The remainder of paragraph 31 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

32. Defendant admits that the examiner issued a Right of Appeal Notice on April 29, 2010. The remainder of paragraph 32 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative

record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

33. The first sentence of paragraph 33 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in the first sentence are inconsistent with the administrative record, Defendant denies those averments. Defendant admits the averment in the second sentence of paragraph 33. The third sentence of paragraph 33 contains Plaintiff's characterization of 37 C.F.R. § 1.181 to which no response is required; to the extent a response is required, Defendant denies Plaintiff's characterization of the regulation and refers the Court to the entire text of 37 C.F.R. § 1.181, which speaks for itself.

34. Defendant admits that on November 4, 2010, Plaintiff submitted to the USPTO a power of attorney appointing new counsel in connection with reexamination of the '526 patent. Defendant otherwise is without knowledge or information sufficient to form a belief as to the averment in paragraph 34.

35. Defendant admits that the Director of Technology Center 1600 issued a decision on December 22, 2010, denying LOL's 181 petition. The remainder of paragraph 35 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

36.     Defendant is without knowledge or information sufficient to form a belief as to the averments in paragraph 36.

37.     The first sentence of paragraph 37 contains Plaintiff's characterization of the administrative record.  Defendant respectfully refers the Court to the administrative record, which speaks for itself.  To the extent that the averments contained in the first sentence are inconsistent with the administrative record, Defendant denies those averments.  The second sentence of paragraph 37 states a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies that averment.

38.     Defendant admits that on February 22, 2011, LOL filed a petition under 37 C.F.R. § 1.181 requesting reconsideration of the December 22, 2010 denial of the 181 petition filed on May 24, 2010.  The remainder of paragraph 38 contains Plaintiff's characterization of the administrative record.  Defendant respectfully refers the Court to the administrative record, which speaks for itself.  To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

39.     Defendant affirmatively asserts that the Acting Associate Commissioner for Patent Examination Policy denied Plaintiff's 181 reconsideration petition on April 12, 2011. Defendant admits that the decision was final agency action.  The second sentence of paragraph 39 states a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies that averment.

40.     Defendant affirmatively asserts that LOL submitted a petition under 37

9

C.F.R. § 1.182 on November 5, 2010. The remainder of the first sentence of paragraph 40 contains Plaintiff's characterization of 37 C.F.R. § 1.182 to which no response is required; to the extent a response is required, Defendant denies Plaintiff's characterization of the regulation and refers the Court to the entire text of 37 C.F.R. § 1.182, which speaks for itself. The second sentence of paragraph 40 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in the second sentence are inconsistent with the administrative record, Defendant denies those averments.

41.     This paragraph contains Plaintiff's characterization of a notice published in the Official Gazette, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the notice and refers the Court to the notice at 1292 Official Gazette Pat. Office 20 (Mar. 1, 2005), which speaks for itself.

42.     Paragraph 42 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in this paragraph are inconsistent with the administrative record, Defendant denies those averments.

43.     Defendant admits that OPLA dismissed LOL's 182 petition on December 22, 2010. The remainder of paragraph 43 contains Plaintiff's characterization of the administrative record. Defendant respectfully refers the Court to the administrative record, which speaks for itself. To the extent that the averments contained in this

paragraph are inconsistent with the administrative record, Defendant denies those averments.

44. Defendant admits the averments in paragraph 44 and respectfully refers the Court to the administrative record, which speaks for itself.

45. Defendant affirmatively asserts that OPLA denied Plaintiff's 182 reconsideration petition on April 12, 2011. Defendant admits that this denial was final agency action. The second sentence of paragraph 45 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies that averment.

## FIRST CAUSE OF ACTION
## JUDICIAL REVIEW OF FINAL AGENCY ACTION—DENIAL OF SECTION 1.181 RECONSIDERATION PETITION

46. Defendant restates his answers to paragraphs 1 through 45 as though fully set out herein.

47. Defendant admits the averments in paragraph 47 and respectfully refers the Court to the full text of 5 U.S.C. §§ 702, 704.

48. Paragraph 48 contains a description of Plaintiff's claims, to which no response is required.

49. Defendant denies the averments in paragraph 49.

50. Defendant denies the averments in paragraph 50.

51. Paragraph 51 contains a description of Plaintiff's claims, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in paragraph 51.

## SECOND CAUSE OF ACTION
## JUDICIAL REVIEW OF FINAL AGENCY ACTION—DENIAL OF SECTION 1.182 RECONSIDERATION PETITION

52. Defendant restates his answers to paragraphs 1 through 51 as though fully set out herein.

53. Defendant admits the averments in paragraph 53 and respectfully refers the Court to the full text of 5 U.S.C. §§ 702, 704.

54. Paragraph 54 contains a description of Plaintiff's claims, to which no response is required.

55. Defendant denies the averments in paragraph 55.

56. Defendant denies the averments in paragraph 56.

57. Paragraph 57 contains a description of Plaintiff's claims, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in paragraph 57.

## PRAYER FOR RELIEF

This section contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1. The plaintiff has failed to state a claim with respect to the United States for which relief can be granted.

2. Some or all of plaintiffs' claims are barred by the doctrines of laches, estoppel, waiver, or failure to exhaust administrative remedies.

3. USPTO's actions were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

4. The Director's decision is supported by substantial evidence and is neither arbitrary nor capricious and, therefore, should be affirmed on the administrative record filed with the Court.

5. Plaintiff's claims should be dismissed because Plaintiff alleges that the evidence it seeks to have entered into the USPTO record through its petitions is not substantively different from evidence that has already been considered by the Examiner and the Board of Patent Appeals and Interferences. The final decision of the Board has been appealed to the United States Court of Appeals for the Federal Circuit, which has exclusive jurisdiction to review the Board's decision.  28 U.S.C. § 1295(a)(4)(A).

WHEREFORE, the Defendant files herewith the certified record of the administrative proceedings conducted below and prays for judgment dismissing the Complaint with costs and disbursements and for all other relief, to which the Defendant may be entitled.

Dated: August 12, 2011                     B. TODD JONES
                                           United States Attorney


                                           s/ Ana H. Voss
                                           BY: ANA H. VOSS
                                           Assistant U.S. Attorney
                                           Attorney ID Number 483656
                                           600 United States Courthouse
                                           300 South Fourth Street
                                           Minneapolis, MN 55415
                                           (612) 664-5600
                                           ana.voss@usdoj.gov


                                           Attorneys for the Defendant


Of Counsel:

Lynne E. Pettigrew
Nathan K. Kelley
Associate Solicitors
United States Patent and Trademark Office