UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Land O'Lakes, Inc.,                       Civil No. 11-1257 (DWF/TNL)

              Plaintiff,

v.                                                                       **MEMORANDUM**
                                                                      **OPINION AND ORDER**

David Kappos, Director of
the United States Patent and
Trademark Office,

              Defendant.

_____

Devan V. Padmanabhan, Esq., Michelle E. Dawson, Esq., and Paul J. Robbennolt, Esq., Winthrop & Weinstine, PA, counsel for Plaintiff.

Ana H. Voss, David W. Fuller, and Gregory G. Brooker, Assistant United States Attorneys, United States Attorney's Office; and Sydney O. Johnson, Esq., United States Patent and Trademark Office, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on the parties' cross-motions for summary judgment. (Doc. Nos. 29, 32.) For the reasons set forth below, the Court grants Plaintiff's motion and denies Defendant's motion.

## BACKGROUND

**I.  Reexamination Proceedings**

The central facts and procedural history of this case are largely undisputed by the parties. The claims in this matter arise out of an *inter partes* reexamination of U.S.

Patent No. 6,319,526 ("the '526 patent"), entitled "Pasta Filata Cheese," owned by Plaintiff Land O'Lakes, Inc. ("Plaintiff"). On April 4, 2002, pursuant to a request filed by Leprino Foods Company, the United States Patent and Trademark Office ("USPTO") ordered *inter partes* reexamination for most of the claims of the '526 patent, on the basis that U.S. Patent No. 6,120,809 (the "Rhodes patent") and other prior art references raised a substantial new question of patentability with regard to those claims. (Doc. Nos. 8-10, Admin. R. ("R.") 5, 204-20.) On June 26, 2007, the examiner issued an Action Closing Prosecution ("ACP") rejecting all pending claims based on the Rhodes patent and other prior art references. (R. 816, 914-15.)

The patent examiner issued a Right of Appeal Notice ("RAN") on April 1, 2008 (R. 1012), and Plaintiff appealed to the Board (R. 1146). On August 31, 2009 (while the appeal was pending), Plaintiff filed a petition pursuant to 37 C.F.R. § 1.183 to reopen prosecution so that it could submit the declaration of Plaintiff's employee Clint Garoutte ("Garoutte Declaration") under 37 C.F.R. § 1.131 in order to establish invention prior to October 29, 1997, the effective date of the Rhodes patent. (R. 2194-96.) In its petition, Plaintiff claimed that it did not discover evidence of prior invention until after prosecution had been closed. (R. 2195.) Plaintiff further alleged that the Garoutte Declaration and accompanying exhibits "conclusively prove actual reduction to practice" of Plaintiff's claimed methods prior to the effective date of the Rhodes patent and therefore eliminate the Rhodes patent as prior art. (*Id.*)

The USPTO's Office of Patent Legal Administration ("OPLA") granted Plaintiff's § 1.183 petition on November 4, 2009. (R. 2360-66.) The USPTO then reopened

prosecution and entered the Garoutte Declaration (and accompanying exhibits A-P) into the record for consideration by the patent examiner. (R. 2365, 2367.) On December 17, 2009, in a second ACP, the examiner found the Garoutte Declaration insufficient to prove that the claimed invention was reduced to practice before the effective filing date of the Rhodes patent. (R. 2415-19.) Specifically, the examiner stated:

> The Examiner agrees with the TPR that the conclusory statements offered throughout the Declaration are nothing more than an invitation to the USPTO to identify where the 162 pending claims might be found in a collection of documents provided by the Patent Owner. They fail to provide any facts or analysis of either the claimed invention or the Exhibits upon which the conclusion rests.

(R. 2418.) The examiner also noted that the Garoutte Declaration did not attempt to show that the inventors conceived of the invention and that Plaintiff failed to establish that the inventors were unavailable or unwilling to sign a declaration. (*Id.*) Finding the Garoutte Declaration insufficient to remove the Rhodes patent as a prior art reference, the examiner maintained all of his claim rejections. (R. 2418-19.)

On January 29, 2010, Plaintiff attempted to "remedy the deficiencies" of the Garoutte Declaration by filing a response to the second ACP (R. 2588), along with a substitute declaration under § 1.131 signed by two of the three inventors (the "Substitute § 1.131 Declaration") (R. 2620-25). Plaintiff represented that the Substitute § 1.131 Declaration contained "substantially no new material from that in the Gaurotte [sic]

declaration" (R. 2588) and would "require[] nothing more than a nominal review" (R. 2589).[1]

The patent examiner declined to enter the Substitute § 1.131 Declaration into the record in a subsequent RAN, dated April 29, 2010, concluding that Plaintiff failed to provide "good and sufficient reasons" why the Substitute § 1.131 Declaration was not earlier presented, as required by 37 C.F.R. § 1.116(e) for evidence submitted after an ACP. (R. 3239-40.) The examiner noted that Plaintiff had already been given an "extraordinary opportunity by the entry of the [Garoutte] declaration," but that Plaintiff's failure to provide the "critical correlation" between the evidence and the limitations of the pending claims "suggest[ed] a lack of a good faith effort." (R. 3240.) The examiner further stated that evaluation of Exhibit Q would be a "massive undertaking in order to determine if there is appropriate correlation between the evidence and the claim limitations" and that review of the substitute declaration would require "far more [than] a mere nominal review." (*Id.*)

---

[1] The Substitute § 1.131 Declaration contained the same Exhibits A-P submitted with the Garoutte Declaration as well as an additional exhibit, Exhibit Q, a 144-page claim chart allegedly showing a correlation between Exhibits A-P and the limitations of some of Plaintiff's pending claims. (R. 3063-3206.)

## II.   Petitions at Issue

### A.   § 1.181 Petition

On May 24, 2010, Plaintiff filed a petition pursuant to 37 C.F.R. § 1.181 (the "§ 1.181 Petition") seeking to require the examiner to enter and consider the Substitute § 1.131 Declaration. (R. 3365-77.) In its § 1.181 Petition, Plaintiff argued, among other things, that entry of the Substitute § 1.131 Declaration was required to give Plaintiff the opportunity to cure the alleged deficiencies in the Garoutte Declaration. (R. 3374-75.)[2]

The USPTO denied the § 1.181 Petition on December 22, 2010. (R. 4282-89.) The USPTO concluded that the examiner "gave proper reasons" in deciding not to enter the Substitute § 1.131 Declaration "in accordance with [USPTO] policies and procedures." (R. 4287.) In particular, the USPTO agreed with the examiner that Plaintiff did not show "good and sufficient reasons why the declarations [sic] and evidence were not earlier presented." (*Id.*) The USPTO noted that Plaintiff had had ample time and opportunity to provide declarations and evidence to show invention prior to the Rhodes reference, which was first cited as prior art in 2002. (*Id.*) Furthermore, the proceeding had already been withdrawn from appeal and reopened once for consideration of the Garoutte Declaration, causing significant delay in prosecution. (R. 4287-88.) Weighing

---

[2]   Plaintiff also argued that: (1) the Garoutte Declaration satisfied the requirements of § 1.131; therefore the examiner's statement that the Garoutte declaration suggested a "lack of a good faith effort" was "unfounded" (R. 3372); (2) reviewing the Substitute § 1.131 Declaration would not be a "massive undertaking" (R. 3373-74); and (3) the Substitute § 1.131 Declaration was not new evidence (R. 3374).

a "further delay in the prosecution of the reexamination proceeding resulting from the practice of continually allowing the petitioner patent owner to perfect declarations filed" under 37 C.F.R. § 1.131 against the statutory mandate for "special dispatch" for reexamination proceedings, 35 U.S.C. § 314(c), the USPTO concluded that, on balance, the record did not support entry of the Substitute § 1.131 Declaration, which "would result in further delay in the instant reexamination proceeding, and would be clearly against the statutory requirement for special dispatch in this instance." (R. 4288.)[3]

On February 22, 2011, Plaintiff, through its newly obtained counsel, filed a petition under § 1.181 for reconsideration of the earlier § 1.181 decision. (R. 4320-37.) Plaintiff argued that the Substitute § 1.131 Declaration and Exhibit Q could not have been earlier presented because Plaintiff's former counsel believed the Garoutte Declaration was sufficient and did not believe that a claim chart (like Exhibit Q) was necessary. (R. 4330-34.) Plaintiff also argued that it could not have filed a § 1.131 declaration any earlier than August 2009, when it claims to have discovered the evidence of prior invention. (R. 4334-35.)

Treating Plaintiff's submission as a petition under § 1.181(a)(3) requesting that the Director of the USPTO ("Defendant") exercise his supervisory authority to overturn the December 2010 § 1.181 Petition decision, the USPTO denied Plaintiff's petition for

---

[3] The USPTO further invited Plaintiff to "present arguments that the Garoutte declaration and its supporting evidence are sufficient on appeal," and thus concluded that Plaintiff was "not without remedy even if the post-ACP declarations and evidence are not entered into the record." (R. 4288.)

reconsideration of the § 1.181 decision on April 12, 2011. (R. 4403-11.) The USPTO concluded, among other things, that Plaintiff had not provided "good and sufficient reasons" why the Substitute § 1.131 Declaration was not presented earlier, as required by 37 C.F.R. § 1.116(e) for the admission of a declaration submitted after an ACP. (R. 4407-08.)[4]

### B.      § 1.182 Petition

On November 2, 2010, while its initial § 1.181 Petition was pending, Plaintiff, through its new counsel, filed a petition under 37 C.F.R. § 1.182 requesting a "continued reexamination" (the "§ 1.182 Petition"). (R. 3578.) Plaintiff sought to reopen prosecution and to enter four new § 1.131 declarations (one signed by each of the three inventors and one signed by Garoutte), including Exhibit Q, for consideration by the examiner. (R. 3570-3626.) Plaintiff claimed that its submission of Exhibit Q was an attempt to address the examiner's concerns raised in the December 2009 ACP. (R. 3582-83.) Plaintiff also requested entry of several claim amendments that Plaintiff proposed "[i]n an attempt to clarify the pending claims in these proceedings." (R. 3588.) On December 22, 2010, the USPTO denied the § 1.182 Petition. (R. 4264-69.)[5]

---

[4]     The § 1.181 reconsideration decision also found Plaintiff's other arguments with respect to fairness and equity, acts of prior counsel, and the amount of review that would be required to be unpersuasive. (R. 4408-09.)

[5]     The decision noted that, because Plaintiff had earlier opportunities to submit a declaration and claim amendments before the close of prosecution, reopening prosecution a second time would not be consistent with the statutory requirement that reexamination proceedings be conducted with "special dispatch." (R. 4267-68.)

On February 22, 2011, Plaintiff filed a petition for reconsideration of the USPTO's § 1.182 decision. (R. 4355-70.) Plaintiff argued that the OPLA's prior decision to grant Plaintiff's § 1.183 petition to allow entry of the Garoutte Declaration showed that Plaintiff could not have presented the evidence accompanying the petition any earlier than August 2009. (R. 4365.)[6]

On April 12, 2011, the USPTO denied Plaintiff's petition for reconsideration of the § 1.182 decision. (R. 4388-98.) Because Plaintiff had had previous opportunities under USPTO rules to provide § 1.131 declarations and claim amendments, the USPTO stated that it would "not act now, to provide relief for 'situations not specifically provided for' in its rules, to further delay the resolution of" the issues in this *inter partes* reexamination that was ordered in 2002. (R. 4394.)[7]

---

[6] Plaintiff also argued that it could not have presented the four new § 1.131 declarations and claim amendments before the November 2010 filing of its initial § 1.182 Petition because Plaintiff had obtained new counsel, who "did not have an opportunity to present them any earlier." (R. 4369.) As it did in its § 1.181 reconsideration petition, Plaintiff also alleged that "fairness" and "common sense" required reopening of the reexamination proceeding. (*Id.*)

[7] The USPTO noted that Plaintiff had previous opportunities to amend its claims as a matter of right (before the close of prosecution) and additional occasions for entry upon a showing of good and sufficient reasons why the amendments were necessary and not presented earlier, as provided for in § 1.116(e). (R. 4394.) The decision further remarked that the § 1.182 Petition did not seek to enter newly found evidence, but instead sought "to continue an already prolonged prosecution" until Plaintiff could, "if possible," submit "a § 1.131 affidavit and a set of claims" with which it was "satisfied." (R. 4395.)

**III. Appeal**

Meanwhile, Plaintiff appealed the examiner's rejection of the pending claims to the Board by filing a notice of appeal on May 24, 2010. (R. 3387-89.) The Board affirmed the examiner's rejections in a decision dated May 26, 2011. (R. 4417-47.) In its decision, the Board agreed with the examiner that "the Garoutte declaration did not provide adequate evidence that the subject matter of the claims was reduced to practice prior to the effective filing date of the Rhodes patent." (R. 4445.) As "Mr. Garoutte did not demonstrate that the methods described in Exhibits A-P represented embodiments of the claimed invention," the Board concluded that "his § 1.131 declaration is ineffective to disqualify the Rhodes patent as prior art." (R. 4446.) Because the Board agreed with the examiner's "substantive determination" that the Garoutte Declaration failed "to provide any facts or analysis of either the claimed invention or the Exhibits upon which the conclusion rests," the Board expressly declined to reach the examiner's other statements about why the declaration was deficient. (R. 4444.) Plaintiff appealed the Board's decision to the Federal Circuit, which summarily affirmed the Board's decision on June 8, 2012. *Land O'Lakes, Inc. v. Kappos*, 2012 WL 2053578 (Fed. Cir. June 8, 2012).

Plaintiff filed its Complaint in this case on May 13, 2011, asserting the following two causes of action against Defendant: (1) "Judicial Review of Final Agency Action—Denial of Section 1.181 Reconsideration Petition"; and (2) "Judicial Review of Final Agency Action—Denial of Section 1.182 Reconsideration Petition." (Doc. No. 1, Compl. ¶¶ 46-57.) The matter is now before the Court on the parties' cross-motions for summary judgment.

# DISCUSSION

## I.   Summary Judgment Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enter. Bank*, 92 F.3d at 747.  The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).  A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.   Motions for Summary Judgment

Plaintiff has brought its claims under the judicial review provisions of the Administrative Procedure Act ("APA").  5 U.S.C. §§ 701-06.  Under the APA, the

reviewing court must affirm an agency decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Marsh v. Oregon Natural Res. Council,* 490 U.S. 360, 375 (1989); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983). The court must consider whether the defendant considered the relevant factors and whether the defendant made a "clear error of judgment." *Motor Vehicles,* 463 U.S. at 43. This standard of review is narrow and accords agency decisions a high degree of deference. *Sierra Club v. Envtl. Prot. Agency,* 252 F.3d 943, 947 (8th Cir. 2001).

Plaintiff's first cause of action challenges the USPTO's final reconsideration decision denying Plaintiff's § 1.181 Petition. (Compl. ¶¶ 46-51.) The § 1.181 Petition questioned the examiner's decision not to enter the Substitute § 1.131 Declaration into the record. (R. 3365-77.) Plaintiff's second cause of action challenges the USPTO's final reconsideration decision denying Plaintiff's § 1.182 Petition. (Compl. ¶¶ 52-57.) In the § 1.182 Petition, Plaintiff requested a "continued reexamination," so that it could submit four new § 1.131 declarations in an attempt to show invention prior to the Rhodes patent and also sought to further amend its claims. (R. 3570-3626.)

This case turns, however, on whether the OPLA's decision to enter the Garoutte Declaration, followed by the patent examiner's decision to reject the declaration as defective constituted "a change in position adverse to [Plaintiff's] position." *See* MPEP § 2673.01(I). Because the Court concludes that the examiner's decision regarding the Garoutte Declaration amounted to a change in position, the examiner should have provided Plaintiff an opportunity to substantively address any defects in the declaration.

The Manual of Patent Examining Procedure provides, in part:

> Where a submission after Action Closing Prosecution (ACP) has been filed pursuant [to] 37 CFR 1.951(a) (and 37 CFR 1.951(b)) and the examiner decides to modify his/her position, the examiner should ordinarily reopen prosecution, in accordance with the following guidelines.
> The patent owner must be given an opportunity to adequately address any change in position adverse to the patent owner's position. A Right of Appeal Notice (RAN) cannot be issued until the patent owner has had the opportunity to address each and every rejection prior to the appeal stage. Thus, the examiner should reopen prosecution where any new ground of rejection is made or any additional claim is rejected . . . .

MPEP § 2673.01(I).

Defendant concedes that, had there been a change in position on the part of the examiner here, Plaintiff would have been entitled to address any such change as a matter of right. Defendant maintains, however, that the OPLA's decision to enter the Garoutte Declaration went to the "admissibility" of the document and not the "merits"; therefore, the patent examiner's decision to reject the submission did not constitute a change in position.[8] The Court finds this argument wholly unpersuasive. To be sure, such an interpretation of MPEP § 2673.01(I) would, in effect, render the rule meaningless.

---

[8] Specifically, Defendant states:

> The examiner's rejection relates solely to the Garoutte Declaration's merits, whereas the USPTO's decision relates solely to the Garoutte Declaration's admissibility. Therefore, when the examiner found the Garoutte Declaration "defective," he did so while considering the merits of the document, not its admissibility. Accordingly, the examiner's rejection was not a "change of position."

(Doc. No. 44 at 5.)

Pursuant to 37 C.F.R. § 1.116(e), an affidavit or other evidence "may be admitted upon a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented." 37 C.F.R. § 1.116(e). In initially deciding to enter the Garoutte Declaration, the OPLA necessarily determined that Plaintiff had made such a showing. Subsequently, the patent examiner determined that the declaration was "defective" for a variety of reasons. (*See* R. 2415-19.) The patent examiner's reversal of the OPLA's determination thus constituted a "change in position adverse to [Plaintiff's] position." MPEP § 2673.01(I). As such, USPTO rules required that Plaintiff "be given an opportunity to adequately address" the change in position. *See id.* Plaintiff attempted to cure the deficiencies and address the change in position with its subsequent § 1.181 and § 1.182 Petitions and supporting documentation. The USPTO, however, failed to consider the merits of any additional declarations and supporting exhibits submitted by Plaintiff.[9]

The Court recognizes the high hurdle Plaintiff faces in order to succeed before the USPTO and preserve its patent rights, and the Court acknowledges that its decision with respect to the § 1.181 and § 1.182 Petitions is unlikely to affect the ultimate outcome here. The Court further acknowledges that, to the extent Plaintiff alleges that the

---

[9]   The actions of the USPTO in this case appear to amount to a concession that the OPLA made a mistake when it initially decided to enter the Garoutte Declaration and thus implicitly found good cause for why the evidence "was not earlier presented." This is particularly apparent in light of the USPTO's emphasis that Plaintiff failed to present its evidence of prior invention at any time before August 2009, despite the fact that the Rhodes reference was first cited as prior art in April 2002. (*See* R. 4287.)

Substitute § 1.131 Declaration contains substantially the same evidence as the Garoutte Declaration, it appears that the Federal Circuit has already determined that the evidence is insufficient to disqualify the Rhodes patent as prior art. *See Land O'Lakes, Inc. v. Kappos*, 2012 WL 2053578 (Fed. Cir. June 8, 2012) (affirming the Board's decision on appeal); (*see also* R. 4445-46 (finding the examiner correct in determining that the Garoutte Declaration "did not provide adequate evidence that the subject matter of the claims was reduced to practice prior to the effective filing date of the Rhodes patent" and concluding that the Garoutte Declaration "is ineffective to disqualify the Rhodes patent as prior art").)

The Court also finds it noteworthy that Plaintiff failed to raise the issue of prior invention at an earlier time during the reexamination proceedings, but rather claims to have discovered evidence of prior invention only after the proceedings were initially closed and while its appeal was pending. (*See* R. 2194-96.) It is additionally disconcerting to the Court that Plaintiff appears to have only now raised the argument pertaining to MPEP § 2673.01(I) for the first time. To be sure, this argument was available to Plaintiff during the USPTO proceedings and ought to have been presented to the USPTO at least as early as May or November 2010, at the time Plaintiff submitted its § 1.181 and § 1.182 Petitions.

Still, notwithstanding the procedural history of this case, and the mandate that *inter partes* reexaminations be conducted with "special dispatch," the Court finds that the patent examiner should not have issued the second RAN before providing Plaintiff with "an opportunity to adequately address" the USPTO's change in position with respect to

the Garoutte Declaration.  The USPTO's rejection of Plaintiff's subsequent § 1.181 and § 1.182 Petitions, and their associated declarations and exhibits, amounts to a denial of Plaintiff's rights under MPEP § 2673.01(I).  The Court thus finds the examiner's decision to issue a second RAN, without permitting Plaintiff to address the rejection of the Garoutte Declaration as defective, to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."  *See* 5 U.S.C. § 706(2)(A).  Accordingly, Plaintiff is entitled to a review of its substitute § 1.131 declarations, including Exhibit Q, on the merits.

## CONCLUSION

For the reasons described above, summary judgment for Plaintiff is appropriate with respect to Counts One and Two of the Complaint.  For the same reasons, Defendant's motion is properly denied.  Consequently, the Court directs the USPTO to reopen the examination of the '526 Patent for the limited purpose of considering Plaintiff's § 1.181 and § 1.182 Petitions on the merits—in particular, Plaintiff's § 1.131 declarations and supporting exhibits submitted therewith.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. No. [29]) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment (Doc. No. [32]) is **GRANTED** as follows:

  a.  The USPTO's decision with respect to Plaintiff's § 1.181 Petition for Reconsideration is **REVERSED**.

  b.  The USPTO's decision with respect to Plaintiff's § 1.182 Petition for Reconsideration is **REVERSED**.

  c.  The USPTO shall reopen the reexamination of Patent No. 6,319,526 for the limited purpose of considering Plaintiff's § 1.181 and § 1.182 Petitions on the merits, including their respective supporting declarations and exhibits, which shall be entered into the record and reviewed by the examiner.

  d.  Plaintiff is entitled to judgment with respect to Counts One and Two of its Complaint (Doc. No. [1]).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 7, 2013      s/Donovan W. Frank
                DONOVAN W. FRANK
                United States District Judge